**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

SONYA PALMER,                                          CASE NO. 1:15cv614

        Plaintiff,

      -vs-                                                  Michael R. Barrett, Judge

SOUTHWEST OHIO REGIONAL
TRANSIT AUTHORITY (SORTA),

        Defendant.

## O R D E R

This matter came on for consideration of Defendant's Motion for Sanctions and Memorandum of Law in Support (Doc. 9). There being no responsive pleading filed, the Court considers this Motion in light of its docket and prior contact with counsel. After being required by the Court and despite numerous assurances, Plaintiff's counsel provided no settlement demand to the Defendant. Upon no settlement demand being made, Defendant pursued Plaintiff's discovery responses which were in arrears. Throughout the discovery period, the Court conducted telephonic status conferences with counsel for both parties regarding the lack of discovery production. Despite repeated requests for production and Court intervention, Plaintiff's discovery responses were not forthcoming.

After weeks of delay, on the morning of June 8th, 2016 immediately before the commencement of another conference call with the Court, Plaintiff's counsel sent an email explaining his inability to meet the deadlines. Based upon the foregoing, this Court Ordered a follow-up status conference for June 29th, 2016. Immediately, prior to

that status call, Plaintiff provided incomplete responses and served her own discovery requests upon Defendant.

In addition to the Court's personal involvement with the delay issues, Defense counsel has attached Exhibits 1 through 14 in support of its Motion for Sanctions (Doc. 9). These exhibits contain emails regarding Defendant's informal extensions of time for Plaintiff to respond to discovery, the discovery requests themselves and Plaintiff's incomplete responses to said requests.

As to the Motion for Sanctions itself, the Court granted the Plaintiff three separate extensions of time within which counsel could respond. (See, Docs. 10, 12, 14). The Court denied the fourth request for an extension on August 24, 2016. Finally, the Court converted the September 13, 2016 docketed settlement conference (Doc. 7) to a 9:30 AM telephonic status call in order to determine where things stood. Plaintiff's counsel did not participate. Later that same morning, counsel called in and the Court gave him until that day's close-of-business to tender a response to the Motion for Sanctions. No response was filed.

The Sixth Circuit has enumerated four factors for district courts to consider when imposing sanctions for failure to obey discovery orders:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered.

*Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). As to the first factor, it is difficult to determine exactly what caused the failure, but the submitted email chain

demonstrates a lack of cooperation from the Plaintiff herself and counsel's inability to provide discovery responses.  The defense has been prejudiced as it was unable to properly prepare for and/or schedule Plaintiff's deposition.  Further, the Defense has had to expend funds to pursue discovery.  Counsel was made sufficiently aware that continued failure could result in adverse action by the Court.  Finally, by failing to respond to the Motion itself, the Court is not convinced that a less drastic measure would have the desired effect, that is, compliance with the Rules of Civil Procedure.

The sanctions available to the Court include those listed in Rule 37(b)(2) which are:

- Directing that the matters embraced in the order or other designated facts be taken as established for purposes of action, as the prevailing party claims;

- Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

- Striking pleadings in whole or in part;

- Staying further proceedings until the order is obeyed;

- Dismissing the action or proceeding in whole or in part;

- Rendering a default judgment against the disobedient party; or

- Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

For the foregoing reasons, the Court **DISMISSES** the above captioned cause without prejudice.

**IT IS SO ORDERED**.

                                                    s/Michael R. Barrett_____
                                                    Michael R. Barrett, Judge
                                                    United States District Court